IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE RESTRAINT OF A CONDOMINIUM APARTMENT LOCATED AT 19900 E. COUNTRY CLUB DRIVE, UNIT 202, AVENTURA, FLORIDA, 33180 | Miscellaneous Action No.: 19mc011 (BAH) |

**UNITED STATES' EX PARTE APPLICATION
TO REGISTER AND ENFORCE A FOREIGN
RESTRAINING ORDER UNDER 28 U.S.C. § 2467(d)(3)**

Applicant United States of America, by and through its undersigned attorneys, respectfully submits this application for a restraining order under 28 U.S.C. § 2467(d)(3)(A). The United States seeks registration and enforcement of a restraining order issued by the Republic of Colombia's First Criminal Court for the Specialized Circuit for Asset Forfeiture. *See Grupo Nule*, First Criminal Court, Bogotá Specialized Forfeiture Circuit, File No. 110013120001-2018-068-1 (July 17, 2018) (Freddy Miguel Joya Arguello, J.) (attached as Exhibit A). The order restrains two pieces of real property in Florida. However, for reasons explained below, we seek only to enforce the order to restrain property against a condominium apartment located at 19900 E. Country Club Drive, Unit 202, Aventura, Florida 33180, to preserve its availability pending the resolution of forfeiture proceedings in Colombia. The asset will be restrained pending Colombia's presentation of a final judgment to the United States' central authority for execution pursuant to the relevant treaty.

**I.  Jurisdiction and Venue**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 2467. Venue is proper in this Court under 28 U.S.C. § 2467(c)(2)(B), which provides that "venue shall lie in the district court for the District of Columbia or in any other district in which the defendant or the property . . . may be found."

## II. Application

The United States requests that the Court issue a restraining order pursuant to § 2467(d)(3) to enforce a Colombian restraining order against a U.S.-located asset owned by a Colombian national convicted of embezzling public funds of the government of Colombia.

On December 14, 2018, the Chief of the Department of Justice's Money Laundering and Asset Recovery Section (MLARS), as the Attorney General's designee,[1] certified under 28 U.S.C. § 2467(b) that enforcement of the Colombian restraining order is in the interest of justice. *See* Chief MLARS Cert. (attached as Exhibit B). Accordingly, the United States applies to this Court to issue an order restraining, until the final resolution of forfeiture proceedings in Colombia, a condominium apartment which is owned by Guido Alberto Nule Marino and Adriana Mancini Posada and located at 19900 E. Country Club Drive, Unit 202, Aventura, Florida 33180.

## III. Background

Colombia's request to restrain the condominium arises from the criminal prosecution and conviction of Colombian nationals who embezzled Colombian government funds awarded in contracts for public works projects. In 2007 and 2008, the Urban Development Institute ("IDU"), a Colombian government authority, awarded contracts to companies that were part of "Grupo Nule," a construction conglomerate led by Miguel Eduardo Nule Velilla, his brother Manuel Francisco Nule Velilla, his cousin Guido Alberto Nule Marino, and Manuel's brother-in-law Mauricio Galofre Amin (collectively, the "Nules"). Grupo Nule companies were hired to,

---

[1] On May 9, 2006, the Attorney General delegated authority for the certification of orders under 28 U.S.C. § 2467 to the Assistant Attorney General for the Criminal Division. DOJ Order No. 2820-2006. On October 18, 2018, the Assistant Attorney General delegated this authority to the Chief of the Money Laundering and Asset Recovery Section for all restraining orders.

among other things, repair public roads and construct new lanes for a rapid bus transit system under development in Bogotá. The IDU made to the Grupo Nule companies advance payments of public funds under contracts executed for those projects.

Colombia's Office of the Attorney General investigated and prosecuted the Nules for fraud, bribery of government officials, and embezzlement of public funds in connection with the IDU contracts. The Nules pleaded guilty to Embezzlement of Public Funds, in violation of Article 397 of the Colombian Criminal Code, and on December 15, 2011, were convicted in Criminal Court No. 38 of the Bogotá Circuit. On June 1, 2012, the Superior Court for the Judicial District of Bogotá affirmed the convictions. The Colombian courts found that the Nules embezzled approximately 68.4 billion Colombian pesos – more than $22 million in today's U.S. dollars – consisting of public funds received as advance payments under the IDU contracts. According to Colombian financial investigators, the Nules laundered their criminal proceeds through the U.S. financial system by transferring funds from Colombia to U.S. accounts, which were nominally held by their relatives and/or by companies affiliated with Grupo Nule.

Based on the Nules' criminal convictions, Colombian forfeiture prosecutors initiated civil proceedings seeking the forfeiture and recovery of assets that were either proceeds of the Nules' embezzlement of public funds, or replacement, substitute, or equivalent assets located inside and outside of Colombia.[2]

On June 22, 2018, according to their law, Colombian prosecutors issued a new order restraining two condominium apartments: one located at 19900 E. Country Club Drive, Unit 202,

---

[2] Colombia's Office of the Attorney General reports that, while several domestic forfeiture proceedings remain pending in Colombia in connection with the Nules, no assets have yet been forfeited and recovered in connection with those cases.

Aventura, Florida, and the other located at 3330 NE 190th Street, Unit #1416, Aventura, Florida.[3] In accordance with Columbian law, Article 208A of Law 1708, prosecutors then sought judicial review of their decision to restrain the condominium. On July 11, 2018, Judge Freddy Miguel Joya Arguello of the First Criminal Court for the Specialized Circuit for Asset Forfeiture in Bogotá issued a seven-page memorandum opinion and order in which he independently evaluated and approved the precautionary measures directed by the prosecutors and ordered that those precautionary measures be enforced against the condominium. *See Grupo Nule*, First Criminal Court, Bogotá Specialized Forfeiture Circuit, File No. 110013120001-2018-068-1 (July 17, 2018) (Freddy Miguel Joya Arguello, J.) (attached as Exhibit A).

Colombia's National Director for Asset Forfeiture for the Office of the Attorney General then forwarded Judge Arguello's order to Colombia's Central Authority for Mutual Legal Assistance with a request that it be submitted to the United States for enforcement. On October 2, 2018, the Department of Justice's Office of International Affairs received the Colombian Central Authority's request and forwarded it to MLARS for action. On December 14, 2018, the Chief of MLARS certified that it is in the interest of justice to enforce the restraining order.

IV. Applicable Law

Pursuant to 28 U.S.C. § 2467(d)(3), a U.S. District Court is authorized to enter restraining orders "[t]o preserve the availability of property subject to criminal or civil forfeiture under foreign law." The United States may seek a restraining order to restrain property on behalf of a country with which "[it] has a treaty or other formal international agreement in effect providing

---

[3] Due to several factors, including neglible equity in light of a significant home mortgage and home equity liens on the condominium located at 3330 NE 190th Street, Unit #1416, Aventura, Florida, the United States does not at this time seek restraint of that property on behalf of the Colombian authorities.

4

for mutual forfeiture assistance" 28 U.S.C. § 2467(a)(1), "when the property to be restrained represents the suspected proceeds of a 'violation of foreign law that would constitute a violation or an offense for which property could be forfeited under Federal law if the offense were committed in the United States,'" *Gang Luan v. United States*, 722 F.3d 388, 392 (D.C. Cir. 2013) (quoting 28 U.S.C. § 2467(a)(2)(A)).

"[T]he court may issue[] a restraining order at any time before or after the initiation of forfeiture proceedings by a foreign nation," 28 U.S.C. § 2467(d)(3)(A)(i), so long as the court issues it "in a manner consistent with subparagraphs (A), (C), and (E) of [§ 2467(d)(1)] and the procedural due process protections for a restraining order under section 983(j) of title 18," *id.* § 2467(d)(3)(A)(ii)(I). "The court, in issuing a restraining order [under § 2467,] may rely on information set forth in an affidavit," or "register and enforce a foreign restraining order that has been issued by a court of competent jurisdiction in the foreign country." *Id.* § 2467(d)(3)(B). The United States may seek registration and enforcement of a foreign restraining order only if the Attorney General – or his designee – first certifies that enforcement of the foreign restraining order is "in the interest of justice." *See id.* § 2467(b)(2), (d)(3)(B)(ii). The Attorney General's certification is not subject to judicial review or review under the Administrative Procedure Act. *Id.* § 2467(b)(2).

V.  **Discussion**

All of the requirements for a restraining order under 28 U.S.C. § 2467(d)(3) are met here. First, the United States and Colombia are parties to formal, international agreements obligating each nation to provide mutual legal assistance in investigations, prosecutions, and other proceedings, including confiscation and the immobilization of assets. *See* Inter-American Convention on Mutual Assistance in Criminal Matters, art. 15, May 23, 1992, S. Treaty Doc. No. 105-25 (Jan. 10, 1995), 1995 WL 933795; Inter-American Convention against Corruption, art.

XV, Mar. 29, 1996, 1996 WL 402944, 35 I.L.M. 724, 732 (1996); United Nations Convention against Corruption, art. 31, Dec. 9 2003.

Second, the Nules' underlying criminal conduct would be chargeable under U.S. criminal laws giving rise to forfeiture had their acts been committed here. Specifically, their conduct could violate 18 U.S.C. § 641 (embezzlement and theft of public money or property). Laundering of embezzled and stolen public money or property is an offense for which forfeiture is authorized. *See* 18 U.S.C. § 981(a)(1)(C) (civil forfeiture of any property constituting, derived from, or traceable to an offense constituting a "specified unlawful activity" as defined in Section 1956(c)(7); i.e., Section 1956(c)(7)(D), which includes an offense under Section 641 relating to public money or property).

Third, the Colombian forfeiture court's order was issued consistent with due process. *See* 28 U.S.C. § 2467(d)(1)(A). The decision by the Colombian forfeiture prosecutor to order the prior restraint of the U.S.-located apartments was subject to review by the Colombian court with jurisdiction over the Colombian forfeiture proceedings, in accordance with Colombian forfeiture law, and that review resulted in a Colombian judicial order that the prosecutor's restraining order be enforced.

The forfeiture court's order notes that Articles 16.1 and 16.11 of the Colombian forfeiture law, Law 1708 of 2014, requires that the forfeiture of ownership of assets must be ordered when the assets (1) are the direct or indirect product of an unlawful activity, or (2) are those of lawful origin the value of which is equivalent to any of the property described in the preceding paragraphs, when it is not possible to locate, identify or physically seize those assets. The court's order further notes that Article 88 of Law 1708 provides for the imposition of precautionary measures against assets when there is sufficient information to suspect that they

are subject to one of the grounds for asset forfeiture.

Upon review of the evidence adduced by the forfeiture prosecutor, the forfeiture judge found that

> [t]he Prosecutor's Office's order to impose precautionary measures was supported by sufficient facts and evidence. It is reasonable to infer that the property may have been purchased with funds that were embezzled or that such property has a value that corresponds to the value of the embezzled funds. Therefore, this Court finds that the conditions of Article 88 of the Forfeiture Code are satisfied.

*Grupo Nule*, ¶ 4.15. The forfeiture judge further found that

> [t]he Prosecutor Office's order adequately assessed the objectives of the precautionary measures, as well as the satisfaction of the principles of suitability, necessity, and strict proportionality. This Court finds the Prosecutor's Office arguments to be sufficient, complete, and adequate as established in the Forfeiture Code.

*Id.*

Regarding notice to the parties affected by the Colombian forfeiture proceedings, the Colombian forfeiture prosecutor's order dated June 22, 2018, specifically provides that "[t]he parties affected shall be served notice at the addresses appearing in the corresponding section, and to the [mortgagor] banks via letter rogatory, once the restraints are approved, so they may assert their rights to trial." The parties affected are listed as including Adriana Mancini Posada, to be served with notice at her specific residential address in Bogotá, and Guido Alberto Nule Velilla, under house arrest at his specific residential address in Barranquilla, Colombia. MLARS also will provide notice of the Colombian court's order and the U.S. District Court's order as soon as the U.S. district court enters an order enforcing the restraining order.

Fourth, the Colombian forfeiture court possessed subject matter jurisdiction to issue the restraining order. *See* 28 U.S.C. § 2467(d)(1)(C). Specifically, the forfeiture court had jurisdiction under "Articles 35 and 208A of the Forfeiture Code," which made it "the proper Court to decide the legality of the precautionary measures decreed by the Prosecutor's Office" to

restrain assets located in the United States. *Grupo Nule*, ¶ 4.1.

Fifth, there is no indication that the judgment was obtained by fraud. *See* 28 U.S.C. § 2467(d)(1)(E). The Nules were convicted at a public trial and their convictions were affirmed on appeal.

Sixth, because Colombian authorities have filed a forfeiture action in Colombia, an order restraining the condominium apartment until the resolution of those proceedings comports with 18 U.S.C. § 983(j)'s due process protections, which are incorporated into § 2467(d)(3) by reference. *See also* 28 U.S.C. § 2467(d)(3)(A)(ii).

Finally, on December 14, 2018, the Chief of MLARS certified that it is in the interest of justice to register and enforce the Colombian restraining order. *See* 28 U.S.C. § 2467(d)(3)(B)(ii).

Accordingly, each of the requirements for a restraining order under § 2467(d)(3)(A) are satisfied.

## VI. Conclusion

The United States respectfully requests under 28 U.S.C. § 2467(d)(3)(A) that the Court register and enforce the Colombian restraining order and restrain the condominium apartment located at 19900 E. Country Club Drive, Unit 202, Aventura, Florida, 33180, until the disposition of forfeiture proceedings in Colombia.

Respectfully submitted,

DEBORAH CONNOR, CHIEF
MONEY LAUNDERING AND ASSET
RECOVERY SECTION

By: _____
MICHAEL J. BURKE
Senior Trial Attorney
Daniel J. Olinghouse
Trial Attorney
U.S. Department of Justice
Criminal Division
Money Laundering and
Asset Recovery Section
1400 New York Avenue, NW, 9th Fl.
Washington, D.C. 20530
Telephone: (202) 307-0272
Email: michael.burke@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA